## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DAVID M. MITCHELL**                                                          **PLAINTIFF**

**vs.**                                                    **CIVIL ACTION No.: 3:18-CV-723-HTW-LRA**

**FRANCHISE SERVICES OF**
**NORTH AMERICA, INC.**                                                      **DEFENDANT**

## ORDER

BEFORE THIS COURT are the following motions: Motion to Dismiss or Stay Proceedings **[Docket no. 3]** filed by defendant Franchise Services of North America, Inc. (hereinafter referred to as "FNSA" or "Defendant"); and Motion for Judgment on the Pleadings **[Docket no. 9]** filed by Plaintiff David M. Mitchell (hereinafter referred to as "Plaintiff"). The two (2) motions are related in that FNSA asks this court to stay these proceedings or dismiss them pending a ruling by the arbitrator on the outstanding attorney fees question. Plaintiff, on the other hand, asks this court to confirm the arbitrator's bifurcated award. After reviewing the motions of the parties and the relevant jurisprudence, this court is persuaded to rule for the plaintiff and against the defendant for the reasons following.

### I.    PROCEDURAL HISTORY

Mitchell and FSNA entered into a written Employment Agreement on August 9, 2013. Mitchell, the former Chief Financial Officer of FSNA, left FSNA in February, 2014. FSNA refused to pay Mitchell severance benefits, that Mitchell alleged were owed under his Employment Agreement – a circumstance that the arbitrator ultimately found in favor of Mitchell.

The Employment Agreement between the parties contained a binding arbitration clause. Mitchell and FSNA, therefore, arbitrated Mitchell's claim for severance benefits. The parties filed their arbitration case on August 5, 2014. The arbitrator purportedly set the case for hearing on

1

multiple occasions (although the parties fail to discuss the particulars of such) and, according to Mitchell, FSNA repeatedly attempted to delay those hearings. On April 18, 2018, the arbitrator dismissed FSNA's counter-claim for failure to comply with the arbitrator's orders and for discovery violation.

Mitchell proposed, and FSNA consented during a conference with the Arbitrator, to bifurcate the arbitration into two parts. As stated in the Arbitrator's "Order Bifurcating Proceedings on Attorney Fees, Costs, and Expenses":

> Plaintiff David Mitchell proposed, via *ore tenus* Motion, that the parties' claims for attorney fees, costs and expenses should be bifurcated, and determined after the Arbitrator decides which party or parties prevail on the merits of this case. The Arbitrator discussed that proposal with all counsel, and no objections were stated. Having considered the premises, it is ORDERED that the final hearing in this case shall be bifurcated as follows: After the Arbitrator renders a decision on the merits of the case, the prevailing party or parties will submit evidence in support of claims for attorney fees, expenses, fees and costs of the arbitration. If the amounts thereof are disputed, the Arbitrator will establish a procedure for determining the amounts. A separate Order will then be entered with respect to any claims for attorney fees, expenses, and expenses and costs of the arbitration.

The arbitrator held the arbitration hearing May 23 through May 25, 2018. After four years of arbitrating, the arbitrator ultimately found that FSNA had breached the Employment Agreement and awarded Mitchell $452,417, plus interest in the amount of $99.16 running from June 1, 2018.

The Arbitrator declared that the October 11, 2018 Award was final. The Arbitrator's Award stated:

> Pursuant to Miss. R. Civ. P. 54(b), I find that this award fully disposes of Mitchell's claim for principal and interest. I hereby enter a final judgment on the claims that are decided herein, because there is no just reason for delay in enforcement of this award. This is also a Rule 54(b) judgment dismissing FSNA's counterclaim. Mitchell is hereby authorized to collect the amounts awarded herein, and to take any and all proper actions to enforce this award, while the bifurcated claims remain pending.

The Arbitrator expressly ordered that Mitchell could immediately seek judicial confirmation of the award:

In this case, there remains a significant matter to be resolved— the amount of fees, costs, and expenses to be recovered by Mitchell as the prevailing party, in accordance with the terms of the Employment Agreement. However, this case has been pending for four years, and I find there is no just reason for delay in Mitchell's collection of the Award set forth herein. Therefore, this Award is certified as a Final Judgment as to the claims resolved herein, and Mitchell may proceed with enforcing the Award as a Judgment by any means proper, including seeking judicial confirmation and enforcement.

## II. ANALYSIS

Defendant argues that the decision of the arbitrator is not ripe for confirmation by this court because the arbitrator withheld jurisdiction to decide attorney fees and costs. According to defendant, the arbitrator certified his "non-final award" under Rule 54(b) of the Mississippi Rules of Civil Procedure, which contemplates judgments only. The arbitrator's award in this case, says defendant, does not qualify as a judgment, merely an award and, thus, is not ripe for confirmation by this court. Even were Rule 54 to apply, argues defendant, plaintiff has failed to satisfy the "multiple claims, multiple parties" burden.

Plaintiff, aggrieved, responds that the Federal Arbitration Act (hereinafter referred to as the "FAA") allows for judicial confirmation of a final arbitration award – whether such be a partial or complete resolution of the case in arbitration.

A circuit split apparently exists whether a United States District Court may confirm a partial arbitrator's award:

> We note that a circuit split exists as to whether federal courts may hear an interlocutory appeal from an arbitral tribunal. Compare *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir.2008) (holding that an arbitration panel's partial ruling that the contract did not bar class proceedings was not ripe for review because the arbitrators had not yet determined that class arbitration should proceed), with *Hart Surgical, Inc. v. Ultracision, Inc*., 244 F.3d 231, 234 (1st Cir.2001) (holding that the Federal Arbitration Act permits a district court to confirm or vacate an arbitration panel's "partial award"). The Supreme Court has allowed such an appeal in certain limited circumstances. *See Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp*., —— U.S. ——, ——n. 2, 130 S.Ct. 1758, 1767 n. 2, 176 L.Ed.2d 605 (2010). Because this order dismisses the appeal without a decision, we

express no opinion as to whether jurisdiction would exist on the facts presented here."

*Louisiana Health Serv. Indem. Co. v. DVA Renal Healthcare, Inc*., 422 F. App'x 313, 314 (5th Cir. 2011).

### a. Confirmation of Arbitration Awards

"The Federal Arbitration Act (FAA or Act), 9 U.S.C. § 1 *et seq*., provides for **expedited** judicial review to confirm, vacate, or modify arbitration awards. §§ 9–11 (2006 ed.)." *Hall Street Associates, L.L.C. v. Mattel, Inc*., 128 S.Ct. 1396, 1400, 552 U.S. 576, 578 (2008) (emphasis added). The Fifth Circuit has acknowledged the "summary nature of proceedings to confirm an arbitration award" and "the strong policy favoring expeditious enforcement of arbitration awards." *Woods v. P.A.M. Transport Inc.-L.U.,* 440 Fed.Appx. 265, 268, 2011 WL 3831306, at *2 (5th Cir. 2011). "The confirmation of an arbitration award is a summary proceeding that converts a final arbitration award into a judgment of the court." *Variable Annuity Life Ins. Co. v. Bencor, Inc*., 2006 WL 1492249, at *2 (S.D.Tex. 2006).

"Section 9 of the Federal Arbitration Act requires the Court, upon motion of a party, to confirm an arbitration award 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA].'" *Morgan Keegan & Co., Inc. v. Sturdivant*, No. 3:11cv638–DPJ–FKB, 2012 WL 3685975, *1 (S.D. Miss. 8/24/2012). Judicial review of an arbitration award is "extraordinarily narrow" and "exceedingly deferential." *Cooper v. WestEnd Capital Management, L.L.C.*, 832 F.3d 534, 543-44 (5th Cir. 2016).

As this Court has explained:

The Court may vacate an arbitrator's award in the following limited circumstances set forth in section 10:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrator;

(3) where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Richards v. Gibson*, 2016 WL 3659917, at *1 (S.D.Miss. 2016). "It is Defendants' burden to show that the arbitration award should not be enforced on one or more of these grounds." *Id.*, citing *21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 336 (5th Cir. 2014) and *Parker v. J C Penney Corp., Inc.*, 426 Fed.Appx. 285, 288 (5th Cir. 2011).

Under Title 9 U.S.C. § 12, a petition to vacate an arbitration award must be "served upon the adverse party or his attorney within three months after the award is filed or delivered." The three-month bar applies to efforts to avoid an arbitration award based on statutory grounds. *See Arriola v. Martinez*, 2016 WL 8229283 (7/15/2016 W.D. Tex.). The three-month time limit applies not only to petitions to vacate awards, but also to defenses to confirmation petitions. *International Union of Operating Engineers, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir.1996).[1]

---

[1]Citing authorities as follows, in the body of the opinion and in footnote 1: *Jefferson Trucking Co.*, 628 F.2d at 1027; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174–75 (2d Cir.1984) (Section 12 precludes "a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.") (emphasis added); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986) (same); *Sheet Metal Workers Intern. v. Air Systems Engineering, Inc.*, 831 F.2d 1509, 1510–11 (9th Cir.1987) (same); *Prudential Securities Inc. v. Hornsby*, 865 F.Supp. 447, 450–51 (N.D.Ill.1994) (effort to compel arbitration of nominally "independent" issue adjudged an impermissible attempt to augment and modify prior arbitration award); *Local Union No. 36, Sheet Metal Workers' Intern. Ass. v. Atlas Air Conditioning Co.*, 926 F.2d 770, 772 (8th Cir.1991) ("An employer may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate."); *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 853–54 (11th Cir.), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989) (same); *International Brotherhood of Electrical Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 966 (10th Cir.1987) (same); *Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir.1983) (same); *Professional Administrators Ltd. v. Kopper–Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir.1987) (same); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986) (same); *Service Employees Intern. v. City Cleaning Co.*, 982 F.2d 89, 93–94 (3d Cir.1992) (same); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174–75 (2d Cir.1984) (same); *Derwin v. General Dynamics Corp.*, 719 F.2d 484, 489 (1st Cir.1983) (same).

The three-month deadline to challenge an arbitration award is absolute, and not subject to a "discovery rule" or "equitable tolling." *Cigna Ins. Co. v. Huddleston*, 1993 WL 58742, at *11 (5th Cir. 1993).

The confirmation of an arbitrator's award by a United States District Court is governed by the FAA in Title 9 U.S.C. § 9 *et seq.*[2] Plaintiff campaigns that Title 9 U.S.C. § 16[3], the FAA provision governing appeals, allows for the confirmation of a partial award. This court is not persuaded that 9 U.S.C. §16 governs this action because this is not an appeal of an arbitrator's award. The question the parties have presented to this court is whether an agreed-to bifurcation of an arbitration proceeding allows this court to confirm an arbitrator's award as final where the issue of attorney fees remains outstanding with the arbitrator.

### b. Rule 54 Certification

The Mississippi Rules of Civil Procedure allow for a partial final judgment to be entered where the litigation involves multiple claims and multiple persons.

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the

---

[2] If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.
9 U.S.C.A. § 9 (West)

[3] (a) An appeal may be taken from--
    (1) an order—[…]
        (D) confirming or denying confirmation of an award or partial award […]
9 U.S.C.A. § 16 (West)

absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54.

Defendant argues that Rule 54(b) only applies to judgments, which it contends the arbitrator's award is not because the arbitrator has not completely adjudicated the claims between the parties. *See Brown v. Collections, Inc.*, 188 So. 3d 1171, 1175 (Miss. 2016) ("For an order or judgment to qualify for Rule 54(b) finality, the case must include: (1) either multiple claims, multiple parties, or both; and (2) either one or more but fewer than all claims must have been decided or all rights and liabilities of at least one party must have been adjudicated."). According to defendant, the arbitrator's withholding of jurisdiction to adjudicate the attorney fees and costs between the parties is sufficient to divest this court of jurisdiction to confirm the arbitrator's award on liability.

Defendant next argues that even were Rule 54(b) to apply, this court would still not possess jurisdiction because the arbitrator failed to certify that multiple parties and/or multiple claims are involved in the arbitration. According to defendant, this lawsuit, and the underlying arbitration, featured only the plaintiff and the defendant, who were disputing a breach of the Employment Agreement between them.

Plaintiff argues that Rule 54(b) does not apply in this case. According to plaintiff, this lawsuit is akin to an appeal from a United States District Court to a United States Circuit Court of Appeals. Plaintiff cites *Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Un. of Operating Engineers*, 571 U.S. 177, 134 S.Ct. 773 (2014) and *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717 (1988) for support. According to plaintiff, these two cases stand

for the proposition that a court may enter a final judgment on the merits of a case without first deciding attorney fees based upon a statute or contract. Both *Haluch* and *Budinich* present a different case than that presented by the present lawsuit. In both *Haluch* and *Budinich* the parties appealed the merits of the United States District Court's affirmation of the arbitrator's award to the United States Circuit Courts of Appeals without a ruling on the statutory and/or contractual attorney fees question. The United States Supreme Court held in both cases that the district court's ruling on the merits acted as a final judgment whether the court had ruled on the attorney fees and the cases were ripe for appeal.

This court is not persuaded that *Haluch* and *Budinich* are mandatory authority in this lawsuit seeking confirmation of an arbitrator's award but, rather, are persuasive authority. Plaintiff is not seeking an appeal in this lawsuit of the arbitrator's award; plaintiff is asking this court to confirm the arbitrator's award and allow him to execute on a final judgment against defendant. This court, therefore, must next decide whether it will follow the parties' express intent to bifurcate the arbitration proceedings into liability and attorney fee phases.

### c. Judicial Findings

Plaintiff next argues that the United States Supreme Court recognized that partial arbitration awards are subject to judicial confirmation. Plaintiff cites *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 130 S.Ct. 1758 (2010) for support. In *Stolt-Nielsen* the United States Supreme Court decided whether a panel of arbitrators had properly ruled that a class-certification clause in an arbitration contract was valid. The court found that it was not because one of the class members had not signed the arbitration agreement.

The dissent, written by Justice Ginsberg, says that she would not have granted certiorari because a "'final judgment' rule should be applied, preventing arbitrators from 'slicing off a

preliminary decision or a procedural order and declaring its resolution a 'partial award.'" *Id.* at 1779. According to plaintiff, when the *Stolt-Nielsen* majority, written by Justice Alito, rebuffed the dissenters' ripeness argument saying that because the court had done so, it had "considered and rejected any blanket prohibition against judicial confirmation and vacation of 'partial' awards." [Docket no. 7, P. 10]. Plaintiff's authority on this point is a footnote in the majority opinion of *Stolt-Nielsen*. "We are not bound to follow our dicta[4] in a prior case in which the point now at issue was not fully debated." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 737, 127 S. Ct. 2738, 2762, 168 L. Ed. 2d 508 (2007) (footnote added) (Quoting *Central Va. Community College v. Katz*, 546 U.S. 356, 363, 126 S.Ct. 990, 163 L.Ed.2d 945 (2006)). Other courts, however, including from the Fifth Circuit, have found that *Stolt-Nielsen* recognizes that in certain limited circumstances, United States District Courts may recognize a partial arbitration award. *See Louisiana Health Serv. Indem. Co. v. DVA Renal Healthcare, Inc*., 422 F. App'x 313, 314 (5th Cir. Apr. 13, 2011) (discussed below); and *Arriola v. Martinez*, 2016 WL 11582656 (W.D. Tex. May 20, 2016) (discussed below).

Plaintiff next cites *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 232 (1st Cir. 2001) for the proposition that an arbitration award on the issue of liability in a bifurcated proceeding is a final partial award reviewable by the district court. In *Hart*, the United States First Circuit Court of Appeals held that it had jurisdiction to review an arbitration proceeding that had been bifurcated into liability and attorney fee components. *Id.*

---

[4] *obiter dictum* (ob-i-tər dik-təm) [Latin "something said in passing"] (18c) A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive). — Often shortened to dictum or, less commonly, obiter. See dictum. Cf. holding (1); judicial dictum under dictum; ratio decidendi. Pl. obiter dicta.
DICTUM, Black's Law Dictionary (11th ed. 2019)

As stated above, in *Louisiana Health Serv. Indem. Co. v. DVA Renal Healthcare, Inc*., 422 F. App'x 313, 314 (5th Cir. Apr. 13, 2011) the United States Fifth Circuit Court of Appeals has directly recognized *Stolt-Nielsen*. The Fifth Circuit also stated that, based on the facts presented it would decline to determine whether it possessed jurisdiction to decide *Louisiana Health Serv.*.

Plaintiff next turns to the United States District Courts of various circuits for support: *First Federal Finance Corp. v. Carrion-Concepcion*, No. CV 14-1019 (SEC), 2014 WL 12726391(D. P.R. 8/6/2014), separate opinion, 87 F.Supp. 3d 332 (D. P.R. 2015) (finding that arbitrator's interim award ruling on the merits without addressing the issue of attorney fees is a valid exercise of Title 9 U.S.C. § 10(1)); *Arriola v. Martinez*, 2016 WL 11582656 (W.D. Tex. May 20, 2016) (district court confirmed the award of arbitrator which "resolved all liability issues between the parties, leaving to the Final Award only 'a wholly separate question' of whether Defendants were required to pay the arbitral claimants' attorney fees and costs."); *Egan Jones Ratings Co. v. Pruette*, 2017 WL 345633 (E.D. Pa. 2017) (finding where the parties had agreed to a bifurcated proceeding – splitting the case into liability and damages phases – the arbitrator's award on liability was a final, reviewable order); *See also Crawford Grp., Inc. v. Holekamp*, 2007 WL 844819 (E.D. Mo. 2007) (surveying case law holding that interim arbitration award is subject to immediate judicial review if "final determination of discrete issue," or part of bifurcated proceeding, or addressed to "severable issues"); *Fluor Daniel Intercontinental, Inc. v. General Elec. Co.*, 2007 WL 766290, *2 (S.D. N.Y. 2007) (confirming partial award even though panel maintained jurisdiction over numerous claims); *Nationwide Mut. Ins. Co. v. Home Ins. Co*., 90 F.Supp.2d 893, 896-97 (S.D. Ohio 2000) (confirming interim arbitration awards as final); *Private Sanitation Union Local 813 v. V & J Rubbish Removal*, No. 89 1990 WL 144207 (S.D.N.Y. 1990) (interim

award finding defendants liable, but leaving certain damages unresolved, was final and subject to confirmation).

This court is persuaded that plaintiff has submitted authority that allows this court to confirm a partial arbitrator's award. The United States Fifth Circuit Court of Appeals has acknowledged that, in certain limited circumstances, the *Stolt-Nielsen* exception may apply, but did not provide the courts with any direction about when or how.

## III.    AWARD

This court held a hearing on Thursday, November 7, 2019, to inquire from the parties several questions, one of which concerned on the amount of the award that plaintiff seeks in this lawsuit *sub judice*. During that hearing plaintiff submitted his calculations as to the amount of the award, which defendant did not challenge.

Plaintiff alleges that the total amount of the award as of November 7, 2019, is $504,476.00. Plaintiff's calculation included the arbitrator's award of $452,417.00 and five hundred twenty-five days of interest at $99.16 per day for a total of $52,059.00. Accordingly, this court confirms the award of the arbitrator and awards $504,476.00 and interest of $99.16 per day after November 7, 2019, until the award is paid in full.

## IV.    CONCLUSION

Plaintiff's lawsuit seeks the confirmation of an arbitrator's non-final award – that on liability alone. This court finds it dispositive that FNSA agreed to a bifurcated arbitration proceeding: liability; and attorney fees. The parties have already disputed this matter on liability in the arbitrator's proceeding for four (4) years – an unusual length of time. These two factors mandate a speedy resolution on the instant arbitration confirmation before this court. Accordingly, this court finds that, while it would normally stay these proceedings for a ruling by the arbitrator

on the attorney fees, this court must deny FNSA's Motion to Dismiss and/or Stay [Docket no. 3]. Furthermore, having found that this court must deny the motion to dismiss, this court finds it must, in obeisance to the FAA, also grant plaintiff's motion for judgment on the pleadings.

**IT IS, THEREFORE, ORDERED that defendant's Motion to Dismiss or Stay Proceedings [Docket no. 3] is hereby DENIED.**

**IT IS FURTHER ORDERED that plaintiff's Motion for Judgment on the Pleadings [Docket no. 9] is hereby GRANTED.**

**IT IS FINALLY ORDERED that plaintiff is awarded $504,476.00 plus interest of $99.16 per day after November 7, 2019, until the award is paid in full.**

**SO ORDERED this the 19th day of November, 2019.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**